UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

IN RE:     THATCHER, DANIEL SCOTT, SR.
           THATCHER, LORI ANN

                DEBTOR(S)        CASE NO. 10-34605
                                                                CHAPTER  7

ANN MOSTOLLER, TRUSTEE     )
                PLAINTIFF     )
VS.     )     ADV. NO.
JAMES KILBURN and wife     )
MARY KILBURN     )
                DEFENDANTS     )

## COMPLAINT

Ann Mostoller, Trustee, states the following for her Complaint against the Defendants:

1.    That Plaintiff is the duly qualified and acting Trustee for the Debtors' bankruptcy case.

2.    Plaintiff files this action for authorization to sell the real estate owned by the Debtors, Daniel and Lori Thatcher, free and clear of liens under 11 U.S.C. §363(f)(3) and further to sell the interest of the Defendants, James and Mary Kilburn, the co-owners in the property pursuant to 11 U.S.C. §363(h).  Jurisdiction is predicated upon 28 U.S.C. §1334 and §157.  This action is a core proceeding under the provisions of 28 U.S.C. §157(b)(2)(N).

      3.      Plaintiff avers that the Debtors are co-owners with James and Mary Kilburn of a lot located Lot 5A, Block J, Section 3, Tyrolea Subdivision, Gatlinburg, Tennessee and more particularly described as follows:

> Situated in the Eleventh (11th) Civil District of Sevier County, Tennessee, and in the City of Gatlinburg, being all of Lot 5A, Block J, Section 3, Tyrolea Subdivision, as shown on a plat of record in Map Book 12. Page 7, in the Register's Office for Sevier County, Tennessee, to Which map specific reference is hereby made for a more particular description.
>
> Subject to easements, notations, setbacks, restrictions and right of ways as shown on the map of record in Hap Book 12, Page 7, in the said Register's Office.
>
> Subject to restrictions of record in WD Book 178, Page 136, in the said Register's Office.
>
> Subject to a General Transmission Line Easement in favor of the City of Sevierville, of record in ROW Book 3, Page 491, in the said Register's Office.
>
> Being the same property conveyed to Richard K. Zachary, a married person, by Warranty Deed from James R. Prange as Trustee of the James R. Prange Revocable Living Trust Dated March 7, 1997, and Marilyn J. Prange as Trustee of the Marilyn J. Prange Revocable Living

Trust Dated March 7, 1997, each an undivided one-half interest, dated September 16, 2005, of record in Book 2451, Page 770, in the Register's Office for Sevier County, Tennessee.

      4.      Plaintiff is unaware of any liens.

      5.      Plaintiff avers that, based on the testimony of the Defendant/Debtors, the sale of the real estate should produce assets for the benefit of the bankruptcy estate.

      6.      Plaintiff further avers that pursuant to 11 U.S.C. §363(h) she may sell both the estate's interest and the interest of any co-owners in the property since the Debtors had, at the time of the commencement of the case, an undivided interest as tenant in common.

      A.      since the property is a residence, partition in kind of such property between the estate and co-owner is impracticable;

  B. sale of the estate's undivided interest in such property would realize significantly less for the estate than the sale of such property free of the interest of the co-owner;

  C. the benefit to the estate of the sale of such property free of the interest of co-owner outweighs the detriment, if any, to such co-owner; and

  D. such property is not used in the production, transportation or distribution of sale of electric energy or of natural or synthetic gas for heat, light, or power.

 7. Plaintiff proposes to list the real estate with a licensed real estate broker in the state of Tennessee.

 WHEREFORE, the plaintiff prays as follows:

 A. That the Court issue an order authorizing the Plaintiff to sell the above-described real property of the estate or authorizing the Plaintiff, prior to the consummation of said sale, to tender said property to the co-owners upon payment by the co-owners of one-half of the fair market value to the Plaintiff.

 B. That the Plaintiff be granted such further relief as the Court deems just.

 DATED March 23, 2011.

      /s/ Ann Mostoller
      Ann Mostoller, #001146
      Attorney for the Plaintiff
      Mostoller, Stulberg, Whitfield & Allen
      136 South Illinois Avenue, Suite 104
      Oak Ridge, TN 37830
      (865) 482-4466
      twilliams@msw-law.com